UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEVANDA NORMAN, | ) | CASE NO.  1:12CR252 |
| | ) | CASE NO.  1:13CV2661 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On December 2, 2013, petitioner Lavanda Norman filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 15). Two days later (on December 4, 2013), the Court set a briefing schedule for the motion, directing the government to file a response to the motion, and granting petitioner leave to file a reply (Doc. No. 16). In accordance with the briefing schedule, the government filed a timely brief opposing the § 2255 motion (Doc. No. 17). On June 25, 2014, well beyond the date set for her reply, petitioner filed a motion to dismiss without prejudice her § 2255 motion (Doc. No. 18 [styled "Petitioner[']s Response to Government's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. [§] 2255"]). The government opposes the motion to dismiss to the extent that it seeks dismissal without prejudice (Doc. No. 20 at 97).[1]

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

In support of her motion to dismiss without prejudice, petitioner maintains that:

> [petitioner's] current judgment as well as her P.S.I. report contains information that is inaccurate. At the federal prison camp located in Aliceville Alabama where [petitioner] is currently incarcerated she has no access to the information needed to pursue and support her arguments to her current motion. A dismissal without prejudice will allow her the opportunity to continue her argument at a much later date and time.

(Doc. No. 18 at 94, all missing punctuation in original.) In opposing a dismissal without prejudice, the government relies on its stated belief that the underlying § 2255 motion lacks merit, and that petitioner waived her right to seek a collateral attack upon her sentence when she entered into a plea agreement with the government.

Rule 12 of the Rules Governing § 2255 Proceedings provides that the Federal Rules of Civil Procedure may be applied in § 2255 cases, "to the extent that they are not inconsistent with any statutory provision or [the § 2255] rules." Because petitioner has asked that her § 2255 motion be voluntarily dismissed, and the government has already responded to the underlying motion, the applicable rule is Fed. R. Civ. P. 41(a)(2), which provides, in relevant part, "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." Rule 41(a)(2) further provides that such dismissal is without prejudice "[u]nless the order states otherwise[.]"

Petitioner has failed to demonstrate why, at this late stage in the proceedings, her § 2255 motion should be dismissed without prejudice. Specifically, she fails to identify what information she needs to file a reply and to which does not have access at the institution where she is housed. Likewise, she fails to explain why she was able to file her § 2255 motion but is unable to file a reply. Moreover, to the extent that

2

petitioner's motion to dismiss can be construed as contemplating the filing of new claims in a future motion, the Court notes that the time for filing a § 2255 motion has passed and any new claims would not relate back to the original petition filed in this case. *See United States v. Johnson*, No. CV. 02-02565, CR. 99-20056, 2006 WL 485090, at *2 (W.D. Tenn. Feb. 28, 2006) (a petitioner may amend a § 2255 motion only to supplement or clarify claims timely presented in the original petition) (citing *Anderson v. United States*, 39 F. App'x 132, 136 (6th Cir. 2002)). Therefore, petitioner's motion to dismiss without prejudice is denied.

Petitioner shall have leave until December 1, 2014 to file a reply. In the event that petitioner fails to file a reply by this date, and fails to timely seek additional time in which to file a reply, the Court will treat her § 2255 motion as fully briefed and ripe for resolution.

**IT IS SO ORDERED**.

Dated: October 23, 2014

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**